[Cite as *State v. Burks*, 2024-Ohio-5140.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2024-04-030 |
| | : | O P I N I O N |
| - vs - | | 10/28/2024 |
| | : | |
| CURTIS LEMAR BURKS, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2023-CR-00730

Mark J. Tekulve, Clermont County Prosecuting Attorney, and Nicholas Horton, Assistant Prosecuting Attorney, for appellee.

W. Stephen Haynes, Clermont County Public Defender, and Robert F. Benintendi, Assistant Public Defender, for appellant.

**PIPER, J.**

{¶ 1} Appellant, Curtis Lemar Burks, appeals the decision of the Clermont County Court of Common Pleas ordering him to pay $2,196 in restitution to the victim, Home Depot, following his guilty plea to one count of fifth-degree felony theft. For the reasons outlined below, we affirm the trial court's order of restitution.

{¶ 2} On November 30, 2023, the Clermont County Grand Jury returned an

indictment charging Burks with one count of fifth-degree felony theft in violation of R.C. 2913.02(A)(1). Burks was arraigned on November 11, 2023, where he entered a plea of not guilty. Several months later, on February 29, 2024, Burks entered into a plea agreement with the state and pled guilty to the charged fifth-degree felony theft offense. The trial court accepted Burks' guilty plea and thereafter sentenced Burkes to 12 months in prison, less 24 days of jail-time credit. The trial court also ordered Burks to pay $2,196 in restitution to the victim, Home Depot. There is no dispute that this was the 19th such theft offense that Burks had been convicted of within the preceding three years.

{¶ 3} On April 23, 2024, Burks filed a notice of appeal. Following briefing, on October 9, 2024, Burks' appeal was submitted to this court for review. Burks' appeal now properly before this court for decision, Burks has raised one assignment of error. In his single assignment of error, Burks challenges the trial court's order requiring him to pay $2,196 in restitution to Home Depot. To support this claim, Burks argues that because the trial court failed to advise him as part of its plea colloquy that such an order was part of the maximum possible penalty involved under Crim.R. 11(C)(2)(a), that portion of the trial court's sentence is void and unenforceable, thus requiring it to be removed from the trial court's final judgment and sentencing entry. We disagree.

{¶ 4} An order requiring a defendant to pay restitution is part of the maximum possible penalty involved under Crim.R. 11(C)(2)(a). *State v. Willard*, 2021-Ohio-2552, ¶ 81 (11th Dist.). It was therefore error when the trial court failed to advise Burks that he could be ordered to pay restitution to Home Depot as part of its plea colloquy. *Id.* at ¶ 97. However, although error, because the trial court's failure to advise Burks of restitution was not a complete failure on its part to advise Burks of the maximum possible penalty involved under Crim.R. 11(C)(2)(a), such error would be reversible only if Burks could demonstrate prejudice. *See State v. Dangler*, 2020-Ohio-2765, ¶ 13. That is, only if

- 2 -

Burks could demonstrate that he would not have pled guilty had he known there was a potential he could be ordered to pay $2,196 in restitution to Home Depot at his upcoming sentencing hearing. *See Ohio v. Oliver*, 2021-Ohio-2543, ¶ 43 (12th Dist.).

**{¶ 5}** In this case, Burks did not assert the existence of prejudice within his appellate brief. This court has also been unable to find any prejudice to Burks on the face of the record. What this court has instead discovered, upon a thorough review of the record, is that any argument Burks may have made claiming he would have chosen not to plead guilty under these circumstances would simply not be plausible. This is particularly true in this case when considering, as noted above, this was the 19th such theft offense conviction that Burks had in the preceding three years. Therefore, because Burks has not demonstrated any resulting prejudice by the trial court's failure to advise him of the possibility that he could be ordered to pay $2,196 in restitution to the victim, Home Depot, as part of its plea colloquy, Burks' single assignment of error lacks merit and is overruled.

**{¶ 6}** In so holding, we note that, within his prayer for relief, Burks has asked this court to "vacate" the "restitution portion of his sentence" due to the "the trial court fail[ing] to advise him, at the time of his plea, that restitution would be, or even could be, part of his final sentence." Burks, however, has not provided this court with any authority that would permit this court to modify the trial court's sentence in such a manner. Rather than modifying Burks' sentence, had the trial court completely failed to advise Burks of the maximum possible penalty involved under Crim.R. 11(C)(2)(a), or had Burks established prejudice by the trial court's failure to advise him of that an order of restitution was possible, the remedy would have been to allow Burks to withdraw his guilty plea. To the extent Burks claims otherwise, such an argument lacks merit. Accordingly, having overruled Burks' single assignment of error, Burks' appeal of the trial court's decision

ordering him to pay $2,196 in restitution to Home Depot is denied.

**{¶ 7}** Judgment affirmed.


HENDRICKSON, P.J., and M. POWELL, J., concur.